ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Ahjar Shat Alarab Albidhaa Co. | ) | ASBCA No. 59868 |
| | ) | |
| Under Contract No. W91GY3-09-M-7846 | ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Murtada Q. Abdul Hussein
                                  Owner/Manager

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                   Army Chief Trial Attorney
                                  MAJ M. Aaron Lee, JA
                                   Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE DELMAN ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

The Department of Army (government) has moved to dismiss this appeal for lack of jurisdiction, contending that Ahjar Shat Alarab Albidhaa Co. (appellant), failed to submit a certified claim to the government prior to filing its notice of appeal to this Board. Appellant opposes the motion, contending that it did submit such a certified claim.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

According to appellant, it entered into the above-captioned contract with the government to deliver 23 each "New 20' x 8'x 8'6" Refrigerated Containers" at the unit price of $22,700.00, for a total contract price of $522,100.00. In support of this contract, appellant has provided a Standard Form 1449, Solicitation/Contract/Order For Commercial Items, with the signature "Arthur H. Perera, Contracting Officer," for the government, dated 27 June 2009, and the signature "Murtada Q. Abdul" for the appellant dated 28 June 2009. (Compl. attach.)

According to the government, it "is not conceding the actual existence of a contract between appellant and the government. The subject contract does not exist in any government archival system." (Gov't mot. at 2 n.1) (Citation omitted)

According to appellant, it received a form DD 250, signed by SFC Andrew Hyatt, substantiating the delivery and acceptance of the containers in 2009. Appellant contends it then submitted an invoice to the government for the full contract price, in the amount of $522,100.00, on 12 July 2009. (Compl. at 1)

Per email from SFC Hyatt to appellant, dated 28 July 2009, SFC Hyatt advised as follows:

> Your EFT and DD250 has been submitted to the
> contracting officer; if there is anything else you need
> please contact me.

(R4, tab 3 at 73)  According to appellant:  "After July 2009 and I checking my bank on my payment but there is no money in my account for this invoice.  I tried contact on the COR AND The KO but no one answer me never."  (Compl. at 1)

Insofar as this record shows, there was no email or letter communication between appellant and the government regarding this matter over the next five years. By email dated 9 December 2014, appellant contacted the Army Corps of Engineers at "CETAM-Closeout," referencing this contract number, and stating as follows:

> Hello and Good Day,
>
> I have a problem with this contract.  Could you please
> review this contract in your records.

(R4, tab 2 at 7)

The Corps, per Theresa L. Miller, Contingency Closeout Section, Winchester, VA, responded to appellant by email dated 11 December 2014, as follows:

> I apologize for not responding sooner.  I have researched
> the subject contract and this organization did not issue the
> contract and cannot provide any information about it.
>
> I have included as an addressee Ms. Samberg; her
> organization administered Joint Contracting Command
> contracts and she may be able to help you.

(R4, tab 2 at 4)  Amy Samberg, contract specialist, Army Contracting Command (ACC) at Rock Island, also replied to appellant by email on 11 December as follows: "We do not have this contract in our inventory and I cannot help you" (*id.*).

On that same day, 11 December 2014, appellant requested a "final decision" from both Miller and Samberg.  Ms. Miller replied the same day by email as follows:

2

> This is my final decision. The Corps of Engineers did not
> issue this contract and cannot help you in any way. If
> Ms. Samberg advises that she cannot help you, then your
> only recourse is to file a claim with the Armed Services
> Board of Contract Appeals.

(R4, tab 2 at 24) Later that day however Ms. Miller appeared to rescind her "final decision" in an email to appellant as follows:

> You do not understand. I cannot issue a decision
> document concerning a contract that was NOT awarded by
> the Corps of Engineers. You have the wrong office.... I
> have no more information for you, I cannot help you, and I
> will not reply to any other emails from you.

(R4, tab 2 at 29) Ms. Samberg emailed appellant similarly on 11 December, as follows:

> We do not have the contract in our inventory and we
> cannot write a Contracting Officer[']s Decision for a
> contract we do not have. As I stated before there is
> nothing we can do.

(R4, tab 2 at 32)[1]

It appears from the record that appellant was also exploring assistance from others in these government offices in or around December 2014. Ms. Marybeth Hanson, contract specialist, Chicago Lighthouse, ACC at Rock Island, emailed appellant on 9 December 2014 as follows:

> This contract number does not exist nor have I worked
> with you previously on any other contract file. **If you
> have an inquiry please contact our general mailbox at
> the following email:**
>
> **Usarmy.ria.acc.mbx.closeouts-CCRC-RC@mail.mil**

(R4, tab 3 at 1) (Emphasis added)

---

[1] These government emails to appellant were not appealable "final decisions" to this Board since appellant had not yet filed a claim, 41 U.S.C. § 7103 (a)(1); FAR 2.101.

The next morning, on 10 December 2014, appellant emailed the government at the email address to which it was directed above (hereafter the "ACC general mailbox") as follows:

> Could you please help me with this contract? I am asking on this contract since 2012. This is a long time. I need a help on this issue.

(R4, tab 3 at 1)

Later that same day, Ms. Lucinda A. Willhite, on behalf of the ACC general mailbox, emailed appellant as follows: "This contract number does not exist in our inventory" (R4, tab 3 at 3). Ms. Willhite forwarded appellant's 10 December email to Ms. Ramena A. Gabriel, contract specialist, ACC at Rock Island (R4, tab 3 at 5). It appears that Ms. Gabriel reiterated the government's position by email to appellant that same day (*id.*).

According to appellant, it then submitted a certified claim to the government via email to the ACC general mailbox on 10 December 2014 at 10:10 pm, stating as follows:

> Hello Sir,
> I need help. I have complete the items if the contract number W91GY3-09-M-7846 and **I need you to process me payment.** I attached the following:
>
> 1. Copy of contract
> 2. Signed Page of contract
> **3. CDA Claim Certification**
> 4. Proof of delivery (DD250)
> **5. Invoice**
>
> Please tell me when this invoice will be paid? Thanks.

(App. resp., attach.) (Syntax in original, emphasis added) Appellant provided this email as part of its response to the government's motion to dismiss, but did not include the five attachments. In response to a subsequent Board order however, appellant provided the five attachments.

The government contends that it did not receive appellant's 10 December 2014 email nor any of the five attachments, including the CDA claim certification. In support of this position, the government has provided a declaration from

4

Mr. Thomas A. Petkunas, contracting officer, executed on 9 July 2015, which states as follows:

1. I currently serve as a Contracting Officer at the Reachback Closeouts Office for the U.S. Army Contracting Command-Rock Island ("ACC-RI"). I have been providing support and assistance to the Contract and Fiscal law Division with respect to the above mentioned Appeal.

2. To the best of my knowledge, ACC-RI did not receive any emails from the contractor which contained a certification of claim. The certification issue was never raised by the contractor nor was it mentioned by me or anyone on my team to the best of my knowledge. Furthermore, to the best of my knowledge, ACC-RI did not receive the email provided by the contractor in response to the government's motion to dismiss, dated 10 December 2014, which purports to contain a certification of claim.

(Gov't reply, ex. 1)

Mr. Petkunas' declaration did not describe his connection to the ACC general mailbox as of 10 December 2014, nor did it specifically address the persons who had access to the mailbox on that date, nor did it address those persons who actually communicated with appellant by email at or around that time, i.e., Hanson, Willhite and Gabriel. The government did not provide declarations from any of these persons. Nor did the government state that it performed any review of the email system, e.g., "spam" or "delete" folders, to which appellant's email may have been routed.

In an email exchange on 16-17 December 2014, Ms. Gabriel requested and appellant provided a copy of the claimed contract, the related invoice, the DD 250 Form and the EFT form (R4, tab 3 at 60-61). Appellant and the government continued to exchange emails over the next several months.

On 26 February 2015, Ms. Gabriel emailed to appellant the government's final position as follows:

Contract W91GY3-09-M-7846 is not in our inventory and not in any US Government computer systems. There is no indication in our systems that subject contract was

5

awarded. Therefore, I cannot process your request or answer any further questions regarding subject contract.

Please do NOT resubmit your request for contract W91GY3-09-M-7846 as this office will not consider it.

(R4, tab 3 at 240)

On 3 March 2015, appellant emailed this Board, challenging the government's final position. Appellant attached a number of documents to this email, including a signed copy of the purported contract, the claim certification and the related invoice. The Board docketed the matter as ASBCA No. 59868.[2]

## DECISION[3]

Citing FAR 2.101, which defines a "claim," the government contends that appellant failed to file a claim with the government prior to this appeal, specifically, that appellant failed to furnish the government with a certified, written demand in a sum certain amount, and hence we are without jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109.

The record, however, contains appellant's 10 December 2014 email to the ACC general mailbox–which was the email address the government provided appellant–and to which email was attached a signed CDA claim certification, dated 9 December 2014, plus appellant's invoice, seeking the sum of $522,100.00. We believe this email and its attachments constituted a claim in a sum certain in accordance with FAR 2.101.[4] We also believe that this was not a mere "routine"

---

[2] Although appellant's email of 3 March 2015 manifested a desire for a "KO final decision," given the unique circumstances presented here, where no agency and presumably no contracting officer was willing to recognize the existence of the claimed contract, we believe it was not error for the Board to docket appellant's email as an "appeal" rather than a request for a contracting officer's decision in a specified time based upon undue delay pursuant to 41 U.S.C. § 7103(f)(4).

[3] Notwithstanding the government's position that it does not concede the existence of appellant's claimed contract, we must assume, for purposes of this decision, the existence of this contract as alleged by appellant and for which it has provided documentation. The proof of the contract must await the decision on the merits.

[4] Given that appellant complied with the government's direction and filed its claim at the email address provided by the government, and given that no contracting officer was otherwise identified for this "contract" in December 2014, we believe appellant materially complied with the statutory requirement to submit its claim to "the contracting officer for decision," 41 U.S.C. § 7103(a)(1).

6

request for payment. Assuming, for purposes of this motion, that this contract was awarded, performed and invoiced in 2009 as alleged by appellant, appellant's renewed demand for payment in 2014, five years later, was anything but routine.

The government however questions the authenticity of appellant's 10 December 2014 email claim, suggesting that it "is dubious at best" (reply at 2). The government argues that appellant tendered this 10 December 2014 email claim for the first time in response to the government's motion to dismiss, and failed to reference this email claim or attach it to its notice of appeal or complaint. These purported failures have no legal significance. Our rules do not require a contractor to reference or attach its claim to the notice of appeal or complaint. In any event, appellant did in fact refer to its claim in its complaint, alleging that it was filed on 9 December 2014. We view the one-day discrepancy as insignificant.

The government's chief argument, citing the Petkunas declaration in support, is that it did not receive appellant's 10 December 2014 certified claim prior to the filing of the appeal. This declaration however has a number of weaknesses. While it relies upon "the best of [Petkunas'] knowledge," the declaration fails to demonstrate Petkunas' connection to the ACC general mailbox in December 2014. With respect to those persons who actually communicated with appellant via email, i.e., Hanson, Willhite and Gabriel, there is also no indication in the declaration that Petkunas contacted these persons to see whether they received the email claim, nor did the government provide any declarations from these persons. In addition, there is no indication of any review of the email system, e.g., its "spam" or "delete" folders connected with the ACC general mailbox, to which the email may have been routed. In view of all the foregoing, we give little weight to the Petkunas declaration, and to the government's position based upon this declaration.

## CONCLUSION

Based upon our review of the evidence of record, we conclude that appellant furnished the government with a certified claim in a sum certain on 10 December 2014, prior to this appeal; that the government refused to consider this claim by its

7

email dated 26 February 2015; and that this refusal was timely appealed to this Board as a deemed denial. We conclude we have jurisdiction of this appeal under the CDA.

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: 4 November 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59868, Appeal of Ahjar Shat Alarab Albidhaa Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals